```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
OVERBECK CORPORATION,

                    Plaintiff,           MEMORANDUM AND ORDER
                                         03-CV-0844 (DRH)(ETB)
        -against-

OVERBECK GMBH, DANOBAT MACHINE TOOL
CO., INC., DANOBAT S. COOP., and BODO
ZIMMERMAN,

                    Defendants.
----------------------------------------X
```

A P P E A R A N C E S:

Attorneys for Plaintiff:
Zeynel Karcioglu, Esq.
36 East 20th Street
Suite 2
New York, New York 10003

Attorneys for Defendants Danobat and Overbeck:
Fross Zeknick Lehrman & Zissu, P.C.
866 United Nations Plaza
New York, New York 10017
   By: Richard Lehv, Esq.
       Evan Gouritz, Esq.

Baker & McKenzie
One Prudential Plaza
130 East Randolph Drive
Chicago, Illinois 60601
   By: John C. Filosa, Esq.

HURLEY, Senior District Judge

      Pending before the Court is the motion of defendants Overbeck GmbH ("GmbH"), Danobat Machine Tool Co., Inc., and Danobat S. Coop, ("defendants"),[1] made pursuant to Fed. R. Civ. P. 39(a)(2), to strike plaintiff's jury demand. That motion was made during trial on November 14, 2005 — at which time the Court, as explained <u>infra</u>, essentially reserved decision — and was

---

[1] The claims against defendant Bodo Zimmerman were dismissed by stipulation of November 8, 2005.

renewed orally on November 17, 2005, immediately after the jury returned a verdict in favor of plaintiff Overbeck Corporation ("plaintiff").

## BACKGROUND

In early February 2003, defendants sent plaintiff a "cease and desist" letter concerning plaintiff's use of the mark "Overbeck" in the United States. Plaintiff, which had registered the Overbeck mark with the United States Patent and Trademark Office, responded by commencing the current action. The complaint, with jury demand, sought both injunctive relief and damages based on numerous causes of action, including ones for trademark infringement, trademark dilution, and unfair competition.

Defendants filed an answer on March 31, 2003. Therein, one of the defendants, to wit, GmbH, asserted multiple counterclaims seeking damages and injunctive relief based on, inter alia, plaintiff's purported infringement of GmbH's trademark rights in the name Overbeck. GmbH demanded a jury trial as to its counterclaims.

In October 2005, defendants served a motion in limine to preclude plaintiff from introducing evidence at trial as to damages based on its failure to comply with various discovery orders. That motion was scheduled to be heard on November 7, 2005, i.e. on the same date set for jury selection. After the jury was selected on that date, but before evidence was taken beginning on November 8, 2005, the Court granted defendants' in

limine motion via the issuance of an oral order of preclusion. (See Transcript ("Tr.") of Nov. 7, 2005 at 84-98.)

After both sides had fully presented their evidence to the jury (Nov. 14, 2005 Tr. at 734), the Court heard motions made pursuant to Federal Rule of Civil Procedure 50(a). (Id. at 746-811.) At the conclusion of that process, only three of plaintiff's causes of action, all federally-based, remained, to wit, trademark infringement, trademark dilution, and unfair competition. (Id. at 812-13.) Immediately after that determination was made, defendants raised the issue as to whether any of those three claims should be submitted to the jury given that no evidence of damages was presented by plaintiff consistent with the November 8th preclusion order. In defendants' view, that question called for a negative answer because of the "two things" plaintiff originally sought, namely an "injunction and money," only the former remains in play and is "addressed to [the Court]," not the jury. (Id. at 837.) To underscore that point, defendants asked: "what would the jury be asked to decide . . . ? Nothing." (Id.) Plaintiff countered by arguing that simply deleting a claim for damages from what would otherwise be concededly a legal cause of action does not deprive plaintiff of its constitutional right to a jury trial under the Seventh Amendment.

After a fairly lengthy, largely unproductive discussion between the lawyers and the Court concerning this previously unbroached subject, I suggested the following approach: that

plaintiff's remaining claims be presented to the jury, with the understanding that if I subsequently concluded defendants' position was correct — after having the benefit of both parties' briefs on the issue — I would treat the jury's verdict as merely advisory and decide the subject issues myself; otherwise, the jury's verdict would be accepted as dispositive, subject to possible post-verdict motions. (Nov. 15, 2005 Tr. at 883-84.) Plaintiff thought "as a practical matter that [was] the best way to proceed" (id. at 884), while defendants objected to my, in effect, reserving decision on the issue (id. at 885). Having received counsels' input, I indicated that the foregoing approach would be implemented.

During the charge conference on November 16th, GmbH argued that it was entitled to a jury decision on one or more of its counterclaims. That argument was rejected by the Court on the ground that the record was devoid of information which would permit a jury to determine the damages, if any, sustained by GmbH other than via rank speculation. (Nov. 16, 2005 Tr. at 947-51.) Closing arguments occurred immediately thereafter, followed by the Court's charge. The jury's verdict was in favor of plaintiff on each of its three causes of action and against GmbH as to its counterclaims.

### POSITIONS OF PARTIES

The core of defendants' position in moving to strike plaintiff's jury demand was identified earlier. As more fully developed in their Memorandum in Support, defendants argue: (1)

"[w]hether Plaintiff is entitled to a jury trial is determined as of the time the case is submitted to the jury," (2) "[s]ince only equitable remedies are now available to Plaintiff, it is not entitled to a jury trial," (3) "defendants have a right to a bench trial," and (4) "if the jury's decision is deemed the decision of an advisory jury, the Court should disregard it." (Defs.' Supp. Mem., Table of Contents (each letter in items "3" and "4" are fully capitalized in original.))

In response, plaintiff argues that (1) "the right to a jury trial is preserved by the Seventh Amendment of the Constitution," (2) "plaintiff has the right to a jury trial on its legal claims and on defendants' legal counterclaims," (3) "defendants waived their right to strike the jury trial demand," and (4) "there is no constitutional right to a bench trial." (Pl.'s Opp. Mem., Table of Contents (in some instances, the use of upper and lower cases is different in the original.))

## DISCUSSION

1. Applicable Law Regarding Right to Jury Trial
   Under Seventh Amendment

The Seventh Amendment, upon which plaintiff relies, provides that "[i]n Suits at common law, where the value in controversy shall exceed $20, the right of trial by jury shall be preserved." U.S. Const. amend. VII. As explained by the Second Circuit in <u>Melex A.G. v. Fairchild Weston Systems, Inc.</u>:

> As Justice Story explained for the Supreme
> Court in 1830, the phrase "suits at common
> law" is not limited to "suits, which the
> common law recognized among its old and

> settled proceedings"; rather, the phrase
> embraces all "suits in which legal rights
> were to be ascertained and determined, in
> contradistinction to those where equitable
> rights alone were recognized, and equitable
> remedies were administered." . . . Thus, "it
> has long been settled that the right [to a
> jury trial] extends beyond the common-law
> forms of action recognized" at the time the
> Seventh Amendment was adopted in 1791 . . . .
>
> To decide whether the Seventh Amendment's
> right to a jury trial extends to a cause of
> action born subsequent to the Amendment's
> adoption, we apply a twofold, historical
> analysis: "The standard test is to determine
> first whether the action would have been
> deemed legal or equitable in 18th century
> England, and second whether the remedy sought
> is legal or equitable in nature. The court
> must balance the two, giving greater weight
> to the latter."

29 F.3d 821, 823-24 (2d Cir. 1994)(citations omitted)(brackets in original).

In those instances where the two factors are out of sync, the weight afforded to the latter, i.e., "the remedy sought," typically, if not invariably, controls. See Pereira v. Farace, 413 F.3d 330, 339-40 (2d Cir. 2005)(Circuit concluded (1) that the causes of action there under discussion "would have been equitable in 18th century England and thus that step . . . weighs against a jury trial;" (2) that the gravamen of the relief sought was not rooted in equity as the lower court had erroneously found, but rather constituted "a claim for compensatory damages — a legal claim;" and (3) accordingly, since "we afford 'greater weight' to [the] second step than to [the] first, we conclude that defendants were entitled to a jury trial . . . .");

Marseilles Hydro Power, LLC v. Marseilles Land and Water Co., 299 F.3d 643, 648 (7th Cir. 2002)("A suit seeking only equitable relief is not a suit at common law, regardless of the nature of the issues likely or even certain to arise in the case, . . . most of which indeed might be legal, such as . . . whether the canal company broke its contract with the power company, an issue normally determined by the common law of contracts rather than by some principle of equity jurisprudence.")(citations omitted); 6 McCarthy on Trademarks and Unfair Competition, § 32:123 at 32-236 ("If the remedy requested is 100 percent legal (e.g., money damages), there is no doubt that the right to jury trial exists. If the remedy requested is 100 percent equitable, there is equally no doubt that no party has the right to a jury trial and the judge decides both facts and law.").

With the above principles in mind, attention will first be directed to the question of whether plaintiff was entitled to a jury trial on one or more of its three causes of action which were presented to the jury. Thereafter, GmbH's counterclaims, with concomitant jury demand, will be factored into the analysis given plaintiff's insistence that it was entitled to a jury trial not only as to its claims but also as to legal counterclaims asserted in the answer.

2. Plaintiff not Entitled to a Jury Trial on its Three Remaining Causes of Action

Defendants acknowledge that plaintiff's trademark infringement and unfair competition claims, as well as its

dilution claim (if defendants' infringing conduct is found to be willful) "allow for monetary damages — a traditional legal remedy." (Defs.' Supp. Mem. at 4.) However, entitlement to a jury trial is determined by the nature of the extant issues as of the time the case is to be submitted to the trier-of-fact should those issues differ from those framed by the pleadings. See, e.g., Armco, Inc. v. Armco Burglar Alarm Co., Inc., 693 F.2d 1155, 1158 (5th Cir. 1982)("[t]he right to trial by jury is determined by the issues, not by the pleadings")(citing, inter alia, 9 Wright & Miller, Federal Practice and Procedure § 2304 (1971)); Anti-Monopoly, Inc. v. General Mills Fun Group, 611 F.2d 296, 308 (9th Cir. 1979)("No legal issues remained to be tried in the district court . . . . That being so, the order, vacating the earlier grant of a jury trial to [plaintiff], was properly entered."); Stonewall Ins. Co. v. National Gypsum Co., 1992 WL 281401, *1 (S.D.N.Y. 1992) ("It is well settled that when a party withdraws its damages claim and pursues only equitable relief, a jury trial is no longer available and issues must be tried by the court.").

Although the appropriate focal point for present purposes are the "issues" as previously explained, it warrants mention that the remedies plaintiff sought in its complaint vis-a-vis its federal trademark infringement, trademark dilution, and unfair competition causes of action, viz., an injunction and damages, remained unaltered until the trial was underway and the damage preclusion order entered. From that point forward, only

injunctive relief remained available to plaintiff.  Under such circumstances, the law is well settled that the complaining party is not entitled to a jury trial.  <u>Design Strategies, Inc. v. Davis</u>, 367 F. Supp. 2d 630 (S.D.N.Y. 2005), <u>aff'd</u>, 469 F.3d 284 (2d Cir. 2006).

In <u>Design Strategies</u>, the plaintiff, like here, was barred from seeking monetary relief because of discovery abuses.  As a result, Judge Marrero explained:

> Now that the Court has ruled, based on [plaintiff's] discovery failures, that [plaintiff] may not proceed with any claims for lost profits, the only basis [plaintiff] formerly had for a right to a jury trial has been removed.  For this reason, the Court concludes that [plaintiff] does not have a right to a jury trial on the remaining claims in this case.

367 F. Supp. 2d at 636.

The conclusion reached in <u>Design Strategies</u>, as affirmed by the Second Circuit, is found in numerous other decisions.  <u>See, e.g.</u>, <u>Armco</u>, 693 F.2d at 1158 ("Although Armco never amended its complaint which sought damages as well as equitable relief, it was within the trial judge's discretion to grant Armco's motion that effectively dismissed the legal claims.  This then made it proper for the trial judge to treat the jury verdict as advisory."); <u>Anti-Monopoly</u>, 611 F.2d at 308 ("The first district judge plainly erred in concluding that questions relating to the validity of the MONOPOLY trademark raised legal issues, although both parties sought only equitable relief.")(citations omitted).  Indeed, plaintiff has provided no

authority to the contrary.

In sum, plaintiff was not entitled to a jury trial on the claims which survived defendants' Rule 50(a) motion or were not withdrawn by plaintiff, i.e. on its federally based claims for trademark infringement, trademark dilution and unfair competition.

3. Plaintiff not Entitled to a Jury Trial Based on GmbH's Counterclaims

Plaintiff also maintains that it was entitled to a jury trial based on GmbH's counterclaims[2] and, accordingly, the jury verdict should stand. And that right, should it exist, would extend to "all issues raised by the complaint, answer and counterclaim[s]," even if based solely on defendants' jury demand, to the extent that defendants' claims and plaintiff's "arise out of the same factual circumstances." Lee Pharmaceuticals v. Mishler, 526 F.2d 1115, 1117 (2d Cir. 1975).

But the right asserted does not exist. As noted previously, GmbH did not elicit sufficient evidence to permit the jury to fashion an award of damages as to any of its counterclaims. Which is to say, the issues framed for the trier-of-fact did not include a claim for damages, thus leaving only the possibility of injunctive relief being furnished by the Court should GmbH prevail. For essentially the same reasons given

---

[2] GmbH's counterclaims charged federal unfair competition, federal false advertising, trademark cancellation, common law unfair competition, common law false advertising, and breach of contract.

-10-

regarding plaintiff's lack of entitlement to a jury trial as to its three surviving causes of action, neither GmbH, nor plaintiff derivatively, was entitled to a jury based on GmbH's counterclaims.[3]

4.  Defendants did not Waive Their Right to Strike Plaintiff's Jury Demand by First Raising the Issue During Trial

Plaintiff's argument that defendants waived their right to strike plaintiff's jury demand is unpersuasive. Fed. R. Civ. P. 39(a)(2) provides that "the Court upon motion or of its own initiative [may strike a jury demand if it] finds that a right of trial by jury of some or all of those issues does not exist under the Constitution or statutes of the United States." Significantly absent from the statute is a temporal limitation. Moreover, the defendants here could not have moved pre-trial since the Court's ruling on their motion in limine to preclude plaintiff from introducing evidence of damages was not made until the trial was underway. In addition, plaintiff has not suggested that it would have tried the case differently had it known that

---

[3] In reaching the above conclusion, I considered a fact not mentioned by the parties nor previously by me, to wit, that GmbH, unlike plaintiff, included a request for a declaratory judgment regarding ownership of the trademark in its pleadings. Having done so, I concluded that that remedy is neither equitable nor legal per se; rather, its character depends on the attendant circumstances. Gulfstream Aerospace Corp. v. Mayacamas Corp., 485 U.S. 271, 284 (1988). Here, the attendant circumstances implicate only equitable claims for relief and, as a result, GmbH's request for a declaratory judgment does not give rise to a legal claim for purposes of the Seventh Amendment. Marseilles, 299 F.3d at 649.

the ultimate trier-of-fact would be the Court rather than a jury, nor that it was somehow otherwise prejudiced by what it deems to be defendants' belated application.

Under the above circumstances, it was not an abuse of discretion for me to entertain, and ultimately grant defendants' trial request to strike plaintiff's jury demand.  Cf., Ed Peters Jewelry Co., Inc. v. C & J Jewelry Co., Inc., 215 F.3d 182, 186 (1st Cir. 2000)(not an abuse of discretion for court, after all evidence was presented to, sua sponte, decline to submit three of plaintiff's four causes of action to jury on ground each sounded in equity); Melex A.G., 29 F.3d at 826-27 (district court did not abuse its discretion by, sua sponte, declaring midway through the trial (apparently after plaintiff rested its case-in-chief) that plaintiff's claim was equitable in character and, thus, the jury's verdict would be merely advisory).

Granted, the district courts in Peters Jewelry Co. and Melex A.G. acted on their own motion in deciding not to present certain causes of action to the respective juries.  But that is not a significant distinction for present purposes.  Fed. R. Civ. P. 39(a)(2) encompasses the striking of jury demands both by attorney initiated motions and court actions; surely the rationale underlying the holdings in the above decisions is of like scope.  Which is to say, if a judge is not precluded — which he is not — from, in effect, striking a jury demand during trial, there is no reason to conclude that an attorney may not seek such

relief during trial.[4]

Finally, my decision to present the claims to the jury with the understanding that I would treat the jury's verdict as advisory if I later determined that there was no right to a jury trial dovetails with the procedure expressly approved by the Fifth Circuit in Armco. Compare Nov. 15, 2005 Tr. at 883–84 with Armco, 692 F.2d at 1158. See also Melex A.G., 29 F.3d at 826 ("We conclude that the trial court properly treated [the subject cause of action] as equitable in nature to be tried by the court with or without an advisory jury as the court elected.")(quoting C&R Eng'g Contractors v. Amber Steel Co., 23 Cal.3d 1 (1978)).

In sum, plaintiff has furnished no authority recognized in this Circuit for the proposition that, under the circumstances of this case, defendants waived the right to move under Fed. R. Civ. P. 39(a)(2) by not moving prior to trial. For the reasons indicated, I find that the timing of defendants' application is not violative of any statutory or decisional bar and that no waiver has occurred under the circumstances.

5. Defendants are Entitled to a Bench Trial

The Court agrees with plaintiff that there is no constitutional right to a bench trial, and that "where a right to a jury trial exists" the Court may not treat the jury's verdict

---

[4] In both Ed Peters Jewelry and Melex A.G., the Circuit Court expressed reservations about the district court having sua sponte stricken the jury demand. See Ed Peters Jewelry, 215 F.3d at 826; Melex A.G., 29 F.3d at 826. Here, in contrast, the Court did not proceed sua sponte but instead acted upon defendants' motion after hearing the parties' arguments.

as advisory. (Pl.'s Opp. Mem. at 7.) But as explained earlier, plaintiff had no right to a jury trial either as to its claims for relief, or based on the counterclaims asserted by GmbH. Accordingly, given that the only remaining remedies sought are equitable in nature, it is appropriate for the Court to serve as the trier-of-fact and the defendants have a right to insist that I do so.

## CONCLUSION

For the reasons indicated, defendants' November 14, 2005 motion, made pursuant to Fed. R. Civ. P. 39(a)(2), to strike plaintiff's jury demand is granted. As a result the jury's verdict, both as to plaintiff's claims and GmbH's counterclaims, is merely advisory at this point and the Court will serve as the trier-of-fact in keeping with Fed. R. Civ. P. 52(a).

SO ORDERED.

Dated: March 30, 2007
  Central Islip, New York


             _____/S/_____
             DENIS R. HURLEY, U.S.D.J.